# Exhibit 1

COPY

NOV 0 5 2015

MICHAEL K. JEANES, CLERK
D. COCHELLAR
DEPUTY CLERK

1  Bobby O. Thrasher, Jr., State Bar No. 018661
2  Benjamin R. Jemsek, State Bar No. 019833
   **THRASHER JEMSEK PLLC**
3  518 East Willetta Street
4  Phoenix, Arizona 85004
   Telephone: (602) 324-4684
5  Facsimile:  (602) 324-4685
6  E-mail:  bthrasher@thrasherjemsek.com
   E-mail:  bjemsek@thrasherjemsek.com
7
8  *Attorneys for Plaintiff*

9  **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

10 **IN AND FOR THE COUNTY OF MARICOPA**

   CV2015-012625

11 KEVIN FUCIARELLI,                          | Case No.
12                          Plaintiff,        | **COMPLAINT**
13 vs.
14 CITY OF SCOTTSDALE, a                       | **(Malicious Prosecution / Abuse of
   government entity; CARON CLOSE             | Process; Civil Rights)**
15 and JOHN DOE CLOSE, wife and
16 husband; AARON B. GOOD and JANE
   DOE GOOD, husband and wife,
17
18                          Defendants.

19

20     Plaintiff, Dr. Kevin Fuciarelli, M.D. ("Plaintiff"), through undersigned counsel,

21 hereby alleges as follows:

22                          **GENERAL ALLEGATIONS**

23     1.    Plaintiff is a resident of Maricopa County, Arizona.
24
25     2.    Caron Close and John Doe Close are residents of Maricopa County, Arizona.

26     3.    Aaron B. Good and Jane Doe Good are residents of Maricopa County,
27 Arizona.
28

4.   John Doe Close is a fictitious name used to represent the spouse of Defendant Caron Close.  This named defendant was acting on behalf of the marital community for all acts alleged herein.   Plaintiff will seek permission to substitute the true name of this Defendant when it becomes known.

5.   Jane Doe Good is a fictitious name used to represent the spouse of Defendant Aaron B. Good.  This named defendant was acting on behalf of the marital community for all acts alleged herein.  Plaintiff will seek permission to substitute the true name of this Defendant when it becomes known.

6.   At all times alleged herein, Defendants Aaron B. Good and Caron Close were acting within the course and scope of their employment with Defendant City of Scottsdale. They are being sued in their individual capacity.

7.   The City of Scottsdale is a government entity.

8.   All acts which give rise to this Complaint occurred in Maricopa County, Arizona.

9.   The amount in controversy exceeds the minimum jurisdictional limits of the Court.

10.   Plaintiff's Complaint alleges malicious prosecution and abuse of process by employees of the City of Scottsdale while in the course and scope of their employment.

11.   Plaintiff's Complaint alleges violation of his rights protected by the United States Constitution and the laws of the state of Arizona.

12.   A proper and timely Notice of Claim was served upon Defendant.

## FACTUAL ALLEGATIONS

13.     On or about the afternoon of March 10, 2013, in Scottsdale, Arizona, the City of Scottsdale Police Department dispatched its officers to a call concerning a landlord / tenant issue involving Plaintiff and a tenant occupying a suite in a building owned by Plaintiff.

14.     Plaintiff exercised his right to perform a commercial lockout of a tenant that defaulted under the lease agreement.

15.     Plaintiff refused to allow a third party to enter the suite following the lockout.

16.     Plaintiff did not allow Scottsdale Police Officer Edward Chrisman ("Officer Chrisman") to search for property on behalf of the tenant and/or third party.

17.     Officer Chrisman left the sidewalk area in front of the building to return to his patrol car to research civil laws, specifically the Commercial Landlord Tenant Act, to determine whether Plaintiff had the right to hold property of parties following a lockout.

18.     Officer Chrisman asked a second Scottsdale Police Officer, Officer Aaron Good ("Officer Good"), to stand with Plaintiff before returning to his patrol car.

19.     Officer Good informed Plaintiff that he would be arrested if he attempted to leave the detention area.

20.     Plaintiff repeatedly asked Officer Good the reason for his detention.

21.     Officer Good did not give Plaintiff a substantive reason except to say he was held under "investigative detention" until Officer Chrisman determined if Plaintiff committed a crime.

22.     Without provocation or warning, Officer Good tackled Plaintiff around the neck from behind, placed him in a chokehold and threw him to the ground.

23.     Officer Chrisman arrived after Officer Good took Plaintiff to the ground and he assisted Officer Good in restraining Plaintiff.

24.     Officer Good arrested Plaintiff and charged him with disorderly conduct – disruptive behavior and failure to obey a police officer.

25.     Defendants commenced prosecution of Plaintiff in Scottsdale City Court Case No. M-0751-SC-2013006383 (the "Criminal Matter").

26.     Plaintiff suffered severe and permanent physical injuries as a result of the takedown by Officer Good.

27.     Plaintiff filed a lawsuit against Officer Good, Officer Chrisman, and the City of Scottsdale alleging among other things negligence and unjustified excessive use of force claims (the "Use of Force Civil Lawsuit").

28.     Defendant City of Scottsdale through the criminal division of the City Attorney prosecuted Plaintiff.

29.     City of Scottsdale Prosecutor Caron Close individually handled Plaintiff's prosecution.

30.     A bench trial in the Criminal Matter commenced in Scottsdale City Court on September 19, 2014, and completed on November 5, 2014.

31.     The prosecution terminated favorably for Plaintiff as he was found not guilty of disorderly conduct on November 5, 2014, and not guilty of failure to obey a police officer

on November 6, 2014.

32.    Defendants City of Scottsdale, Caron Close, and/or Officer Good lacked probable cause in Plaintiff's prosecution.

33.    Defendants City of Scottsdale, Caron Close, and/or Officer Good were motivated by malice in Plaintiff's prosecution.

34.    The arrest and citation issued by Officer Good to Plaintiff were done for an ulterior purpose in order to justify the violent unprovoked altercation and violations of departmental policy and Plaintiff's constitutional rights.

35.    Defendants' acts violated Plaintiff's clearly established constitutional rights.

36.    Defendants' acts and/or omissions damaged Plaintiff in an amount to be proven at trial.

## COUNT I
### (Malicious Prosecution – Officer Good, Caron Close, and City of Scottsdale)

37.    Plaintiff hereby incorporates the above referenced paragraphs as though fully set forth herein.

38.    Defendants instituted prosecution against Plaintiff in the Criminal Matter.

39.    Plaintiff was acquitted in the Criminal Matter prosecution.

40.    Defendants were without probable cause when they instituted the litigation against Plaintiff.

41.    Defendants' prosecution of Plaintiff was motivated by malice and/or an improper motive.

42.     As a direct and proximate result of Defendants' malicious prosecution of Plaintiff he suffered damages as more fully set forth below.

## COUNT II
### (Vicarious Liability – City of Scottsdale)

43.     Plaintiff hereby incorporates the above referenced paragraphs as though fully set forth herein.

44.     Officer Good and Caron Close were acting within the course and scope of their employment with Defendant City of Scottsdale.

45.     Defendant City of Scottsdale, therefore, is vicariously liable for Plaintiff's damages.

## COUNT III
### (Abuse of Process – Officer Good, Caron Close, and City of Scottsdale)

46.     Plaintiff hereby incorporates the above referenced paragraphs as though fully set forth herein.

47.     Defendants willfully used the judicial process against Plaintiff for an ulterior purpose not proper in the regular conduct of proceedings.

48.     Defendants initiated and maintained the Criminal Matter against Plaintiff to coerce Plaintiff to dismiss his Use of Force Civil Lawsuit.

49.     Among other things, Officer Good arrested and filed charges against Plaintiff without probable cause to disguise and/or justify his own misconduct and excessive force.

50.     After charges were filed by the City of Scottsdale, Caron Close furthered the abuse of process by continuing Plaintiff's prosecution without probable cause and for the

purpose of coercing Plaintiff to dismiss his Use of Force Civil Lawsuit by among other things conditioning the City of Scottsdale plea offer to Plaintiff in the Criminal Matter on dismissal of Plaintiff's Use of Force Civil Lawsuit.

51.     Plaintiff refused the City of Scottsdale's plea offer as he was unwilling to dismiss his Use of Force Civil Lawsuit.

52.     As a direct and proximate result of Defendants' abuse of process Plaintiff suffered damages as more fully set forth below.

## COUNT IV
### (Vicarious Liability – City of Scottsdale)

53.     Plaintiff hereby incorporates the above referenced paragraphs as though fully set forth herein.

54.     Officer Good and Caron Close were acting within the course and scope of their employment with Defendant City of Scottsdale.

55.     Defendant City of Scottsdale is, therefore, vicariously liable for Plaintiff's damages.

## COUNT V
### (Violation of 42 U.S.C. § 1983 Malicious Prosecution – Officer Good and Caron Close)

56.     Plaintiff incorporates the above referenced paragraphs as though fully set forth herein.

57.     Defendants, Officer Good and Caron Close, as public employees for Defendant City of Scottsdale acted under color of state law while exercising their responsibilities pursuant to state law and in exercising their powers that are an exclusive

prerogative of the state.

58.     Under color of state law, Defendants subjected Plaintiff, a United States citizen, to the deprivation of his rights, privileges, and immunities secured by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, including equal protection rights, rights to be secure in his person and property as well as being free from unreasonable search and/or seizure.

59.     Defendants maliciously prosecuted Plaintiff without probable cause to chill Plaintiff's actions, deprive him of his rights to maintain his Use of Force Civil Lawsuit and coerce him to dismiss the Use of Force Civil Lawsuit.

60.     As a direct and proximate result of Defendants' constitutional violations alleged herein, Plaintiff suffered injuries and damages set forth in the Complaint.

## COUNT VI
### (Violation of 42 U.S.C. § 1983 Abuse of Process – Officer Good and Caron Close)

61.     Plaintiff incorporates the above referenced paragraphs as though fully set forth herein.

62.     Defendants, Officer Good and Caron Close, as public employees of Defendant City of Scottsdale acted under color of state law while exercising their responsibilities pursuant to state law and in exercising powers that are an exclusive prerogative of the state.

63.     Under color of state law, Defendants subjected Plaintiff, a United States citizen, to the deprivation of his rights, privileges, and immunities secured by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution,

- 8 -

including equal protection rights, rights to be secure in his person and property as well as being free from unreasonable search and/or seizure.

64.     Plaintiff suffered injuries and damages as a direct and proximate result of the unreasonable search and seizure and constitutional violations alleged herein.

## COUNT VII
### (Violation of 42 U.S.C. § 1983 - Defendant City of Scottsdale)

65.     Plaintiff incorporates the above referenced paragraphs as though fully set forth herein.

66.     The basis for liability against Defendant City of Scottsdale for violation of civil rights is found in 42 U.S.C. § 1983, the United States Constitution, including, but not limited to, the First, Fourth, Fifth, Eighth, and Fourteenth Amendments thereto, and the judicial opinions of *Monell v. New York Dept. of Soc. Servs.*, 436 U.S. 658 (1978), and *City of Canton v. Harris*, 489 U.S. 378 (1989).

67.     Under color of state law, Defendants subjected Plaintiff, a United States citizen, to the deprivation of his rights, privileges, and immunities secured by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, including equal protection rights, rights to be secure in his person and property as well as being free from unreasonable search and/or seizure.

68.     Defendants, Officer Good and Caron Close, acted under color of law.

## COUNT VIII
### (Intentional Infliction of Emotional Distress – Officer Good, Caron Close, and City of Scottsdale)

69.     Defendants' conduct was extreme and outrageous, and was either intended to cause emotional distress to Plaintiff, or was performed in reckless disregard of the near certainty that such distress will result from the conduct.

70.     Plaintiff did, in fact, sustain severe emotional distress as a result of Defendants' wrongful conduct.

71.     Defendant City of Scottsdale is responsible for the actions of its individual officers and employees under the doctrine *respondeat superior*.

72.     As a direct and proximate result of said Defendants' breach of their duty of care to Plaintiff as described herein, Plaintiff sustained injury, for which he is entitled to redress from said Defendants.

## COUNT IX
### (Damages)

73.     Plaintiff hereby incorporates the above referenced paragraphs as though fully set forth herein.

74.     As a direct and proximate result of Defendants' malicious prosecution, abuse of process, and violations of Plaintiff's civil rights, Plaintiff suffered attorneys' fees for the Criminal Matter in an amount to be proven at trial.

75.     As a further direct and proximate result of Defendants' malicious prosecution, abuse of process, and violations of Plaintiff's civil rights, Plaintiff suffered mental anguish,

including humiliation and emotional distress.

76.     Federal law permits an award of punitive damages against Defendants as they showed a reckless, callous or deliberate indifference to Plaintiff's federally protected rights.

**WHEREFORE,** Plaintiff prays for judgment against Defendants for such sum of money within the jurisdiction of the Court and for full and complete compensation; for general and special damages; for the losses that have been sustained in this matter and the Criminal Matter, as well as any interest conferred pursuant to statute; for attorneys' fees and costs incurred herein pursuant to A.R.S. §§ 12-341 and 12-341.01; and for such other and further relief as the Court or jury may deem just and proper in this matter.

DATED this 5th day of November, 2015.

**THRASHER JEMSEK PLC**

Bobby O. Thrasher, Jr.
Benjamin R. Jemsek
518 East Willetta Street
Phoenix, Arizona  85004
*Attorneys for Plaintiff*

- 11 -

# Exhibit 2

Bobby O. Thrasher, Jr., State Bar No. 018661
Benjamin R. Jemsek, State Bar No. 019833
**THRASHER JEMSEK PLLC**
518 East Willetta Street
Phoenix, Arizona 85004
Telephone: (602) 324-4684
Facsimile: (602) 324-4685
E-mail:  bthrasher@thrasherjemsek.com
E-mail:  bjemsek@thrasherjemsek.com

*Attorneys for Plaintiff*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| KEVIN FUCIARELLI,<br><br>                        Plaintiff,<br><br>vs.<br><br>CITY OF SCOTTSDALE, a<br>government entity; CARON CLOSE<br>and JOHN DOE CLOSE, wife and<br>husband; AARON B. GOOD and JANE<br>DOE GOOD, husband and wife,<br><br>                        Defendants. | Case No. CV2015-012625<br><br>**ACCEPTANCE OF SERVICE ON<br>BEHALF OF THE CITY CLERK<br>FOR THE CITY OF SCOTTSDALE**<br><br>(Assigned to the Honorable Jo Lynn<br>Gentry) |

I, Lori S. Davis, Senior Assistant City Attorney, Scottsdale City Attorney's Office,

am authorized to accept service of the November 5, 2015:  (1) Summons issued to the City

of Scottsdale; (2) Complaint; (3) Demand for Jury Trial; and (4) Certificate Re Compulsory

Arbitration.  I hereby waive service of process and return of service pursuant to Rule 4(f),

Arizona Rules of Civil Procedure, having been authorized to do so by the City Clerk for the

City of Scottsdale.

DATED: _____, 2016

**SCOTTSDALE CITY ATTORNEY'S OFFICE**

By: _____
Lori S. Davis, Senior Assistant City Attorney
3939 N. Drinkwater Boulevard
Scottsdale, Arizona 85251
*Attorneys for the City Clerk for the City of Scottsdale, et al.*

- 2 -

# Exhibit 3

1
2
Bobby O. Thrasher, Jr., State Bar No. 018661
Benjamin R. Jemsek, State Bar No. 019833
**THRASHER JEMSEK PLLC**
3   518 East Willetta Street
4   Phoenix, Arizona 85004
Telephone: (602) 324-4684
5   Facsimile: (602) 324-4685
6   E-mail:   bthrasher@thrasherjemsek.com
E-mail:   bjemsek@thrasherjemsek.com
7

8   *Attorneys for Plaintiff*

9          **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
10              **IN AND FOR THE COUNTY OF MARICOPA**
11

12   | KEVIN FUCIARELLI, | Case No. CV2015-012625 |
13
14                     Plaintiff,   | **ACCEPTANCE OF SERVICE ON**
      vs.                           | **BEHALF OF CARON CLOSE AND**
15                                  | **JOHN DOE CLOSE**
      CITY OF SCOTTSDALE, a
16   government entity; CARON CLOSE   | (Assigned to the Honorable Jo Lynn
      and JOHN DOE CLOSE, wife and   | Gentry)
17   husband; AARON B. GOOD and JANE
      DOE GOOD, husband and wife,
18
19                     Defendants.
20

21

22        I, Lori S. Davis, Senior Assistant City Attorney, Scottsdale City Attorney's Office,

23   am authorized to accept service of the November 5, 2015:  (1) Summons issued to Caron

24   Close; (2) Summons issued to John Doe Close, husband of Caron Close, whose true name is

25
26   _____*Mr. Close*_____, or, if left blank, hereby affirm

27   Caron Close is a single woman; (2) Complaint; (3) Demand for Jury Trial; and (4)

28

Certificate Re Compulsory Arbitration.  I hereby waive service of process and return of service pursuant to Rule 4(f), Arizona Rules of Civil Procedure, having been authorized to do so by Caron Close and John Doe Close, husband of Caron Close, whose true name is _____ *Mr. Close* _____, or, if left blank, hereby affirm Caron Close is a single woman.

DATED: _____ *Feb. 24* _____, 2016

### SCOTTSDALE CITY ATTORNEY'S OFFICE

By: _____
      Lori S. Davis, Senior Assistant City Attorney
      3939 N. Drinkwater Boulevard
      Scottsdale, Arizona  85251
      *Attorneys for Caron Close, et al.*

# Exhibit 4

Bobby O. Thrasher, Jr., State Bar No. 018661
Benjamin R. Jemsek, State Bar No. 019833
**THRASHER JEMSEK PLLC**
518 East Willetta Street
Phoenix, Arizona 85004
Telephone: (602) 324-4684
Facsimile: (602) 324-4685
E-mail:   bthrasher@thrasherjemsek.com
E-mail:   bjemsek@thrasherjemsek.com

*Attorneys for Plaintiff*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| KEVIN FUCIARELLI, | Case No. CV2015-012625 |
| Plaintiff, | |
| vs. | **ACCEPTANCE OF SERVICE ON BEHALF OF AARON B. GOOD AND JANE DOE GOOD** |
| CITY OF SCOTTSDALE, a government entity; CARON CLOSE and JOHN DOE CLOSE, wife and husband; AARON B. GOOD AND JANE DOE GOOD, husband and wife, | (Assigned to the Honorable Jo Lynn Gentry) |
| Defendants. | |

I, Lori S. Davis, Senior Assistant City Attorney, Scottsdale City Attorney's Office,

am authorized to accept service of the November 5, 2015:  (1) Summons issued to Aaron B.

Good; (2) Summons issued to Jane Doe Good, wife of Aaron B. Good, whose true name is

_____*Mrs. Good*_____, or, if left blank, hereby affirm

Aaron B. Good is a single man; (2) Complaint; (3) Demand for Jury Trial; and (4)

Certificate Re Compulsory Arbitration. I hereby waive service of process and return of service pursuant to Rule 4(f), Arizona Rules of Civil Procedure, having been authorized to do so by Aaron B. Good and Jane Doe Good, wife of Aaron B. Good, whose true name is _____ *Mrs. Good* _____, or, if left blank, hereby affirm Aaron B. Good is a single man.

DATED: _____ *Feb 24* _____, 2016

**SCOTTSDALE CITY ATTORNEY'S OFFICE**

By: _____

Lori S. Davis, Senior Assistant City Attorney
3939 N. Drinkwater Boulevard
Scottsdale, Arizona 85251
*Attorneys for Aaron B. Good, et al.*

- 2 -

# Exhibit 5

1  Kathleen L. Wieneke, Bar #011139
   Jacob B. Lee, Bar #030371
2  STRUCK WIENEKE & LOVE, P.L.C.
   3100 West Ray Road, Suite 300
3  Chandler, Arizona 85226
   Telephone: (480) 420-1600
4  Fax: (480) 420-1699
   kwieneke@swlfirm.com
5  jlee@swlfirm.com

6  Attorneys for Defendants

7  **SUPERIOR COURT OF THE STATE OF ARIZONA**

8  **COUNTY OF MARICOPA**

9  KEVIN FUCIARELLI,                              NO. CV2015-012625

10                              Plaintiff,         **NOTICE OF FILING NOTICE OF REMOVAL**

11            v.                                   (Assigned to the Honorable Jo Lynn Gentry)

12  CITY OF SCOTTSDALE, a government
    entity; CARON CLOSE and JOHN DOE
13  CLOSE, wife and husband; AARON B.
    GOOD and JANE DOE GOOD, husband and
14  wife, ,

15                              Defendants.

16

17          Defendants City of Scottsdale, Caron Close, and Aaron B. Good (collectively,

18  "Defendants"),[1] through counsel, and pursuant to 28 U.S.C. § 1441 et seq., hereby notify

19  this Court that they have filed a Notice of Removal of this action to the United States

20  District Court for the District of Arizona. A copy of the Notice of Removal, filed on

21  March 16, 2016, is attached hereto as Exhibit A.

22          / / /

23          / / /

24          / / /

25          / / /

26

27  _____
    [1] Counsel for Defendants accepted service on behalf of Defendants John Doe Close and
28  Jane Doe Good on February 24, 2016 and certified at that time that their true names are
    Mr. Close and Mrs. Good, respectively.

1    DATED this 16th day of March, 2016

2                                    STRUCK WIENEKE & LOVE, P.L.C.

3                               By /s/ Kathleen L. Wieneke
                                     Kathleen L. Wieneke
4                                    Jacob B. Lee
                                     3100 West Ray Road, Suite 300
5                                    Chandler, Arizona  85226
                                     *Attorneys for Defendants*
6

7    ORIGINAL of the foregoing electronically filed via
     AZ Turbo Court this 16th day of March, 2016.

8

9    COPY of the foregoing emailed/mailed this same
     date to:

10

11   Bobby O. Thrasher, Jr.
     Benjamin R. Jemsek

12   THRASHER JEMSEK PLLC
     518 East Willetta Street

13   Phoenix, Arizona 85004
     *Attorneys for Plaintiff*

14

15   By:      /s/ Kim Penny
                3153647

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    2